UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| CARDINAL HEALTH 414, INC. | ) ) ) | |
| Plaintiff, | ) ) | CIVIL NO. 06-2305 |
| v. | ) ) ) | SECT. "N", MAG. 2 |
| W. TIMOTHY ROGERS, DAVID BUSH, COREY SORREL, TERRY DWAYNE CURRIER, PATRICK MILLER, RANDY DAUZAT, SALVATORE MARASCALCO, PIONEER PHARMACY, L.L.C., ADVANCED SPECIALTY PHARMACY, L.L.C., and ADVANCED SPECIALTY PHARMACY OF LAFAYETTE, L.L.C. | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |

**TEMPORARY RESTRAINING ORDER**

This matter came before the Court on the motion of plaintiff, Cardinal Health 414, Inc. ("Cardinal"), on May 1, 2006 for an order temporarily restraining defendants, Corey Sorrel ("Sorrel"), Patrick Miller ("Miller"), Pioneer Pharmacy, L.L.C. ("Pioneer"), Advanced Specialty Pharmacy, L.L.C. ("ASP"), and Advanced Specialty Pharmacy of Lafayette, L.L.C. ("ASP-Lafayette"), pursuant to Rule 65(b) and (c); and

4

The Court, having read the Verified Complaint and memoranda submitted in support of plaintiff's motion and the two Memoranda in Opposition filed by defendants' counsel; and having found good cause, based on the allegations of fact set forth in the Verified Complaint and the exhibits and affidavits submitted with those documents, and the law supporting plaintiff's allegations, further finds that plaintiff will suffer an immediate and irreparable injury, such that

**IT IS HEREBY ORDERED** that defendants Sorrel, Miller, Pioneer, ASP, and ASP-Lafayette, and their owners, members, officers, agents, servants, employees, independent contractors, representatives and attorneys, and all persons in active concert, privy or participation with any of the foregoing persons or entities, are hereby enjoined from soliciting any current employee of Cardinal to consider employment with any entity other than Cardinal.

**IT IS HEREBY FURTHER ORDERED** that defendants Sorrel and Miller, through their counsel, must return to Cardinal, through its counsel, within 72 hours of signing of this Order any tangible property (including all copies, recordings and other reproductions), if any at all, in either of their possession owned or provided by Cardinal, which tangible property was not returned to Cardinal at the conclusion of their employment with Cardinal, including but not limited to the following:

1. Any and all documents which Cardinal has identified as likely containing proprietary and confidential information of Cardinal, including but not limited to any and all information, documents, diskettes, computers, or writings removed and/or copied from Cardinal's offices and pharmacies, without retaining copies thereof;

2. Any pricing book for pharmacies of Cardinal, including but not limited to the pharmacies in Baton Rouge, Houma, and Lafayette;

3. Any items owned by Cardinal and allegedly removed by defendant Miller from his office located on Cardinal property in Lafayette, Louisiana, including but not limited to his computer;

4. Any contracts, either in draft or executed form, for the provision of radiological pharmaceuticals to former or current Cardinal customers;

5. Any contracts, either in draft or executed form, for the provision of technologist services to former or current Cardinal customers;

6. Any and all customer lists and customer contact information for Cardinal's former and current customers;

7. Any materials taken from Cardinal which were owned by Cardinal and which Miller and Sorrell possess without Cardinal's consent.

**IT IS HEREBY FURTHER ORDERED** that defendants Sorrel and Miller must each execute and deliver to this Court and to opposing counsel within 72 hours of this Order, an affidavit stating that he no longer possesses such items; and, with respect to any items listed above that he did have in his possession upon his termination from Cardinal, but which he has since disposed of, a statement providing the details of said disposal and a detailed description of all good faith efforts, if any, to retrieve items that were disposed of prior to this Order.

**IT IS HEREBY FURTHER ORDERED** that this injunction is conditioned on plaintiff filing a bond or other security with the Clerk of Court in the amount of $10,000.00, to provide security for costs or damages incurred by defendants, if it is found that this injunction was granted improvidently.

**IT IS HEREBY FURTHER ORDERED** that this temporary restraining order shall expire by its terms ten (10) days after its entry, unless prior to its expiration, for good cause

shown, this temporary restraining order is extended by a like period or unless the parties against whom this temporary restraining order is directed consent that it may be extended for a longer period.

    New Orleans, Louisiana, this 2nd day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE